| STATE OF INDIANA | ) | IN LAKE CIRCUIT COURT |
| --- | --- | --- |
| | ) SS: | 2025 TERM |
| COUNTY OF LAKE | ) | |
| | ) | CAUSE NO: |

| LIFE CHURCH INTERNATIONAL, INC., | ) |
| --- | --- |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| *vs.* | ) |
| | ) |
| WESCO INSURANCE COMPANY, | ) |
| | ) |
| *Defendant.* | ) |

# COMPLAINT

Comes now Plaintiff, Life Church International, Inc. (the "Insured" or "Plaintiff"), by its attorneys, SDHMR LAW GROUP, LLP, and for its Complaint against Wesco Insurance Company ("Wesco" or "Defendant") alleges the following:

## THE PARTIES

1. The Insured is an Indiana nonprofit corporation which operates a church and school located at 430 E. Ridge Road, Gary, Lake County, Indiana (the "Property").

2. The Defendant, Wesco Insurance Company, is an insurance carrier operating from 800 Superior Avenue East, 21st Floor, Cleveland, Ohio.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this cause pursuant to I.C. 33-28-1-2(a)(1).

4. Preferred Venue is proper in Lake County Indiana pursuant to Indiana Rule of Civil Procedure 75(A)(2) and 75(A)(4), 75 (A)(5) and 75(A)(10).

## FACTS COMMON TO ALL COUNTS

5. The Insured fully incorporates rhetorical paragraphs 1 through 4 of the Complaint as if fully stated herein.

6. On June 30, 2023, the Insured and Wesco entered into an insurance policy contract under policy number WPP2013048 00 ("The Policy") (See Exhibit A) with a term of insurance running from June 29, 2023 to June 29, 2024.

7. The Policy provides coverage for damage caused by, among other specified causes of loss, windstorms and hail.

8. On or about July 12, 2023, a severe storm system moved through Illinois and Indiana producing high winds and large hail (the "Storm").

9. As a result of the Storm, the Property sustained extensive wind, hail, and water property damage, including but not limited to damage to the roof, walls, and windows of the building.

10. The Insured made an insurance claim on the Policy which was assigned a Wesco file number of 3699121-1 (the "Claim").

11. The Insured received confirmation of its Claim by way of a letter from AmTrust North America (AmTrust), the claims administrator handling the Claim on behalf of Wesco.

12. Wesco sent an independent field adjuster to conduct an inspection of the damage to the Insured's Property, who acknowledged coverage for the Claim, and provided an approved damage estimate of $78,618.39 on October 2, 2023.

13. In response thereto, Wesco issued initial payments related to the claimed wind and water damages to the building and related emergency services totaling $83,316.32.

14. Wesco also obtained and approved a mitigation/abatement estimate of $87,566.30 from a third-party building consultant, ProClaim Group ("ProClaim").

15. Simultaneously therewith, the Insured hired NRG Construction to do certain emergency repairs to the Property, Power Dry of Chicago to perform initial mitigation work,

Ekkert Environmental to conduct asbestos and mold testing, and also hired an industrial hygienist, Indoor Environmental Management, Inc. to perform mitigation and abatement work.

16. The Insured also retained Safe Harbor Public Adjusters ("Safe Harbor") to act on behalf of the Insured and to supplement, negotiate, and assist with adjusting the Claim.

17. Wesco acknowledged the existence of the storm and acknowledged coverage for the abovementioned repairs and issued a partial payment for the mitigation and emergency repair work totaling $188,237.24 less the policy deductible.

18. Despite this, Wesco thereafter sent ProClaim to conduct an additional inspection of the Property.

19. On May 10, 2024, Wesco, through AmTrust, sent a partial disclaimer letter to the Insured, indicating that ProClaim had determined that the damages to the Property were not the result of the Storm, but some other incident, even though ProClaim had previously submitted an estimate for mitigation/abatement that was approved. As such, the amounts paid or issued as of that date were the sum total of all amounts that would be paid on the claim, and Wesco disclaimed the presence of damage for a covered loss for the Claim.

20. On September 5, 2024, the Insured submitted a sworn proof of loss with supporting documentation to Wesco, wherein the Insured noted that there was $4,500,000 in insurance coverage under the Policy and calculated that the whole loss and damage under the Claim totaled $992,443.74.

21. On September 27, 2024, Wesco acknowledged receipt of the proof of loss in compliance with the terms of the Policy, but nevertheless rejected the proof of loss by referring back to the May 10, 2024, partial disclaimer.

22. The Policy provides that if the Insured and Wesco disagree on the value of the property or the amount of loss, either may make a written demand for an appraisal of the loss. In this event, each party would appoint its appraiser who together would select an umpire. Those two appraisers and umpire would then appraise the loss.

23. On April 22, 2025, the Insured sent a demand for appraisal based upon the fact that the Insured and Wesco disagreed with the amount of the loss estimated by Wesco and its representatives.

24. Instead of following the terms of the Policy concerning appraisal, Wesco rejected the claim for appraisal on June 25, 2025, stating that the claim had been denied.

25. The Policy further provides that any legal action that may be brought against Wesco must be brought within two years after the date on which the direct physical loss or damage occurred.

26. The Property remains damaged by the Storm in need of repair, including but not limited to damage to the roof, rebuilding of walls, rebuilding of classrooms, and removal of asbestos. The damage is so prevalent that the Insured has been forced to close portions of its school and deny and otherwise turn away enrollment of students. This loss of use has caused considerable harm to the Insured, and this harm is continuing.

## COUNT I: DECLARATORY JUDGMENT

27. The Insured fully incorporates rhetorical paragraphs 1 through 26 of the Complaint as if fully stated herein.

28. Plaintiff and Defendant entered into a valid and enforceable insurance contract, under which Defendant agreed to provide coverage for property damages subject to the terms and conditions of the Policy.

29. Plaintiff suffered a covered loss on or about July 12, 2023, and timely submitted a claim for benefits under the Policy.

30. Plaintiff has a tangible legal interest in this case, specifically the enforcement of the Policy and indemnity under the Policy for the Claim.

31. Defendant has an interest in this case, which is adverse to Plaintiff, specifically its opinion regarding the amount of the loss and its determination to not fully indemnify Plaintiff under the Claim.

32. A dispute arose regarding the amount of loss; Plaintiff has provided evidence to support the Claim amount, while Defendant has significantly undervalued the amount of the claim without good reason.

33. The parties further dispute the manner in which repair to the Property should occur.

34. Plaintiff formally invoked the appraisal provision of the policy, which requires both parties to appoint appraisers who, along with an impartial umpire, determine the proper valuation of the loss.

35. Defendant has wrongfully rejected the demand for Appraisal.

36. An actual and justiciable controversy exists between Plaintiff and Defendant as to the proper interpretation and enforcement of the insurance policy, including but not limited to Defendant's obligation to participate in the appraisal process.

37. Plaintiff seeks a declaration from this Honorable Court that:

a) The Claim is a covered loss under the Policy;

b) The appraisal provision in the policy is valid and enforceable;

c) Plaintiff properly invoked the appraisal provision in accordance with the policy

terms;

    d)     Defendant is obligated to participate in the appraisal process, appoint an appraiser, and conclude the Appraisal process; and

    e)     Defendant owes a duty to indemnify Plaintiff under the Policy for the Claim up to the full amount of the Policy.

38. A determination by this Court would terminate the controversy about whether Wesco had a duty to provide coverage for the Insured' aforementioned claims.

WHEREFORE, Plaintiff, Life Church International, Inc., prays that this Court enter a judgment in its favor making the following findings and awarding the following relief:

    a.     The Claim is a covered loss under the Policy;

    b.     The appraisal provision in the Policy is valid and enforceable;

    c.     Wesco Insurance Company had a duty to comply with the appraisal process under the Policy, and had a good faith duty to participate in the Appraisal process;

    d.     Wesco Insurance Company has a duty to indemnify Life Church International, Inc. under the Claim up to the full amount of the Policy;

    e.     Wesco Insurance Company is to pay Life Church International, Inc.'s fees and costs incurred in bringing and prosecuting this action, plus prejudgment interest.

    f.     And, for such other and further relief as this Court deems just.

## COUNT II: BREACH OF CONTRACT

39. The Insured fully incorporates rhetorical paragraphs 1 through 38 of the Complaint as if fully stated herein.

40. The Policy is a valid and enforceable contract.

41. The Insured fulfilled all of its obligations under the Policy, and all terms described in the Policy have been complied with.

42. This suit is being brought within two "2" years of the Insured becoming aware of the losses described in this complaint.

43. Pursuant to the Policy, Wesco is obligated to, among other things, cover certain wind, water and hail damage to the covered Property, pay for the Insured's loss of use of the Property, and pay for the full repair and restoration of the Property. The Insured's claim falls squarely within this coverage because the damage was directly caused by the Storm.

44. The covered Property suffered major damage.

45. The damage incurred to the covered Property on July 12, 2023, is covered by the Policy.

46. Wesco's refusal to fulfil its contractual obligations under the Policy have materially harmed the Insured in an amount up to or even potentially in excess of the Policy limits, and constitute a breach of contract.

WHEREFORE, Plaintiff, Life Church International, Inc., prays that this Court enter a judgment in its favor and against Wesco Insurance Company in an amount equal to the limits found in the Policy, plus costs plus and prejudgment interest, and all other relief just and proper in the premises.

### Count III: Bad Faith Denial of Coverage

47. The Insured fully incorporate rhetorical paragraphs 1 through 46 of the Complaint as if fully stated herein.

48. Under Indiana law, an insurer owes its Insured a duty of good faith and fair dealing.

49. Wesco acted in bad faith by:

a. Failing to conduct a reasonable investigation before denying the claim;

b. Ignoring available evidence, including National Weather Service reports, that confirmed the presence of the Storm at or near the Property;

c. Misrepresenting the scope of coverage under the Policy; and

d. Engaging in an unreasonable and dilatory denial of the claim without a legitimate basis.

50. Wesco's bad faith denial has caused the Insured significant financial harm, including the costs of repairing or replacing damaged structures, lost business income, and legal expenses.

51. Under Indiana law, an insured may recover consequential damages, attorney's fees, and punitive damages for an insurer's bad faith breach.

WHEREFORE, Plaintiff, Life Church International, Inc., prays that this Court enter a judgment in its favor and against Wesco Insurance Company granting**:**

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages sufficient to deter Wesco and other insurers from engaging in similar bad faith conduct;

c. Attorney's fees and litigation costs; and

d. All other relief just and proper.

**DEMAND FOR JURY TRIAL**

52. The Insured would demand a jury trial be held on all the above counts which may be tried before a jury.

Respectfully submitted,

*[signature]*

Kevin K. McCormick (# 38019-45)
Attorney for the Plaintiff

**I SWEAR OR AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE ACCURATE.**

Dated: 07-11-25

*[signature]*

Life Church International, Inc.

**CERTIFICATE OF SERVICE**

I certify that a copy of the aforementioned document has been served upon the Defendant with the summons of this cause, via U.S. Certified Mail at 800 Superior Avenue East, 21st Floor, Cleveland, Ohio, on this same day of filing.

                                                            */s/ Kevin K. McCormick*
Kevin K. McCormick (# 38019-45)
Attorney for the Plaintiff
*Summerfield, Dandurand, Harris,*
*McCormick & Rich Law Group, LLP*
215 S. 10th Street
Noblesville, IN 46060
Phone: (317) 550.5339
Email: Kevin@SDHMRlaw.com